**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kamsigan Kamalapalan,<br>Petitioner,<br>v.<br>Eric Rokosky,<br>Respondent. | No. CV-26-06354-PHX-MTL<br>**ORDER** |

This case presents a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1) Petitioner is a citizen of Sri Lanka who entered the United States illegally on March 18, 2025 near the San Luis port of entry. (*Id.* ¶ 6; Doc. 6- at 2) He was detained by the Department of Homeland Security the next day, perhaps hours later, on March 19, 2025. (Doc. 1 ¶ 7) Petitioner was placed in standard removal proceedings after a credible fear interview. (Doc. 6 at 1) He was issued a Notice to Appear. (*Id.*) On August 28, 2025, an immigration judge found that Petitioner presented a credible fear of persecution but denied application of the Convention Against Tortue for lack of future risk. (Doc. 1 ¶ 11) The immigration judge ordered Petitioner removed to Sri Lanka. (Doc. 1 ¶ 10, Doc. 6 at 1)

Petitioner appealed the immigration judge's decision to the Board of Immigration Appeals, which has yet to issue its decision.*

In his Petition, Petitioner claims that his detention is unconstitutionally prolonged

---

* Petitioner previously sought Habeas relief in this Court, which was denied without prejudice.

and in violation of due process.

Respondent argues that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(1)(B)(ii), pending the adjudication of his appeal to the Board of Immigration Appeals. That section provides, "If the officer determines at the time of the interview that an alien has a credible fear of persecution . . . , the alien ***shall be detained*** for further consideration of the application for asylum." (Emphasis added.) Respondent also argues that Petitioner has received due process consistent with constitutional and statutory requirements.

The Court finds that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) "throughout the completion of applicable proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). Here, those proceedings are Petitioner's appeal of the immigration judge's removal order to the Board of Immigration Appeals, which includes Petitioner's contention that he is entitled to asylum in the United States.

The Court further finds that Petitioner's continued detention does not violate due process. Petitioner received, and continues to receive, the process due under the immigration laws as enacted by Congress. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020) ("[A]s to foreigners who have never been naturalized, nor acquired any domicil or residence within the United States, nor even been admitted into the country pursuant to law, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law." (Citation modified)). *See also Jennings*, 583 U.S. at 297; *Lopez v. United States Dep't of Homeland Sec.*, No. CV-20-01063-PHX-JJT (MTM), 2021 WL 2079840, at *2 (D. Ariz. Jan. 28, 2021), *report and recommendation adopted*, No. CV-20-01063-PHX-JJT (MTM), 2021 WL 2075733 (D. Ariz. May 24, 2021). Because Petitioner was apprehended near the port of entry in close temporal proximity to his unlawful entry, the Court finds that *Thuraissigiam* applies.

. . . .

. . . .

. . . .

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED without prejudice**. The Clerk of Court must enter a judgment of dismissal and close this case.

Dated this 30th day of October, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge